In the
United States Court of Appeals
For the Seventh Circuit

Nos. 99-1153 & 99-1236

ROBERT M. LEVINE,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeals from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:97-CV-164--Rudy Lozano, Judge.

Argued May 11, 2000--Decided July 19, 2000

Before COFFEY, EVANS and WILLIAMS, Circuit Judges.

COFFEY, Circuit Judge.  On January 11, 1991, a grand jury returned a five count indictment against the petitioner-appellant Richard M. Levine ("Levine"), charging him in Count one with conspiring to use interstate commerce to effect murder for hire and in Counts two through five with using interstate commerce to effect murder for hire, see 18 U.S.C. sec.sec. 371, 1958. At the conclusion of a jury trial, Levine was found guilty on all five counts and the court sentenced him to life imprisonment on Counts two through five and 60 months' imprisonment on Count one, ordering the sentences to run concurrently and concurrent with each other. After this court affirmed his conviction and sentence on direct appeal, see United States v. Levine, 5 F.3d 1100 (7th Cir. 1993), Levine filed a motion under 28 U.S.C. sec. 2255, seeking to "vacate, set aside or correct [his] sentence," which was denied by the district court on October 22, 1998. Thereafter, Levine appealed and a requested certificate of appealability was granted by the district judge on the sole issue of whether the court that tried Levine's case lacked jurisdiction due to the fact that the prosecuting Assistant U.S. Attorney ("AUSA") resided outside the judicial district (Northern District of Indiana). We AFFIRM the district court's decision.

I.  BACKGROUND

For purposes of this appeal, only a cursory description of the facts is required./1 Levine and his brother Donald Levine were business partners. But after his brother and sister-in-law Marsha Levine accused him of embezzling and misappropriating funds, Levine hired an assassin to murder his brother, sister-in-law and nephew Mark Levine, in order that he might gain control of their joint business partnerships. After months of planning and preparation, on November 9, 1989, the assassin went to Donald's home in Munster, Illinois. While posing as a deliveryman, the murderer entered the house and shot and killed Donald and Marsha with a .357 Ruger handgun, while Mark was able to escape.

With Mark's help, law enforcement authorities were able to identify and arrest the killer, who eventually agreed to cooperate in the investigation and testify against Levine. After evading the authorities for nearly three months as a fugitive from justice, Levine decided to surrender on March 4, 1991.

Following his conviction and sentencing, this court affirmed Levine's direct appeal. Levine thereafter filed a motion under 28 U.S.C. sec. 2255, which the district court denied. Levine appealed and the district court granted a certificate of appealability on the sole issue of whether the court that tried Levine's case lacked jurisdiction due to the fact that the prosecuting AUSA resided outside the judicial district.

II.  ISSUES

As identified in the certificate of appealability, Levine argues on appeal that he "is entitled to relief under 28 U.S.C. section 2255 because the Assistant United States Attorney [(AUSA)] who handled his case at the trial level did not live in the Northern District of Indiana."

III.  DISCUSSION

Levine argues that he is entitled to relief from his conviction because the prosecuting AUSA resided outside of the Northern District of Indiana at the time of his trial in violation of 28 U.S.C. sec. 545(a) (1991), thus depriving the trial court of jurisdiction over his trial and sentencing./2 We review a district court's denial of a sec. 2255 petition on factual matters for clear error, and on questions of law de novo. See Arango-Alvarez v. United States, 134 F.3d 888, 890 (7th Cir. 1998). A section 2255 motion must be granted if "the court was without jurisdiction to impose such sentence." 28 U.S.C.

sec. 2255. "If the court finds that the judgment was rendered without jurisdiction, . . . the court shall vacate and set the judgment aside and shall discharge the prisoner . . . ." Id.

As provided by 28 U.S.C. sec. 545(a) (1991), "[e]ach United States attorney and assistant United States attorney shall reside in the district for which he is appointed."/3 The issue before us is one of first impression within this circuit./4 There is but one reported case that specifically addresses the effect of a violation of 28 U.S.C. sec. 545(a) upon a trial court's jurisdiction: United States v. London, 424 F. Supp. 556 (D. Md. 1976), affirmed sub nom., United States v. Clerkley, 556 F.2d 709 (4th Cir. 1977). In London, the AUSA prosecuting a case resided outside the judicial district for which he was appointed, but the court held that a violation of the residency statute "does not affect the court's jurisdiction." Id. at 566-67. The court explained that

[i]n United States v. Mitchell, 136 F. 896 (Cr. Ct. Or. 1905), the court under a predecessor statute considered the claim that the United States district attorney lived outside of the state. In rejecting any jurisdictional claim, the court stated:

His right to the office cannot be attacked collaterally. Whether he is in fact ineligible to hold the office is not material to the purposes of this inquiry. He is a de facto officer, and is entitled to continue in the office until it is judicially declared by a competent tribunal, in a proceeding for that purpose, that he has no right to it.

136 F. at 906. See also United States v. Denton, 307 F.2d 336, 338-39 (6th Cir.), cert. denied, 371 U.S. 923, 83 S.Ct. 292, 9 L. Ed. 2d 232 (1962) (unauthorized assistance from IRS lawyers does not deprive court of jurisdiction). The court construes the statutory proviso relied upon by the defendants as relating only to governmental administration and not to jurisdiction.

Id. at 567 (emphasis added). Likewise, in United States v. Mitchell, the court interpreted the predecessor statute of section 545(a) and similarly ruled that

[t]he principle is settled that there is a presumption from the undisturbed exercise of a public office that the appointment to it is valid. In the present case it is not questioned that the court had authority to make a valid appointment to this office, and that it did

appoint Mr. Heney, and that during the performance by him, as district attorney, of all the acts and things complained of, he was in the undisturbed and unquestioned exercise of that office. . . . [T]he rule is recognized in a long series of decisions that 'if the office has been lawfully established and a person exercises the functions thereof by color of right, but whose election or appointment thereto is illegal, his official acts therein cannot be successfully attacked in collateral proceedings, but in all such proceedings will be valid and binding until the officer is ousted by the judgment of a court in a direct proceeding to try his title to the office.'

136 F. 896, 906 (Cr. Ct. Or. 1905).

Here, the district judge concluded, and we agree, that any violation of the residency requirement "cannot be endorsed," but it does not "amount to the type of defect [(lack of jurisdiction)] that warrants upsetting Levine's conviction now under section 2255." It seems apparent that in enacting section 545(a), Congress was addressing an issue of government administration rather than federal court jurisdiction. In a 1979 memorandum opinion from the Office of Legal Counsel for the Department of Justice, the Executive Office for U.S. Attorneys ruled that "[i]t appears from the legislative history that the purpose of the residency requirement was to ensure the availability of the attorneys," and does not mention jurisdiction. 3 Op. Off. Legal Counsel 360, 361 (1979). The Executive Office for U.S. Attorneys also ruled that for purposes of the residency statute, the term "residence" refers to "physical presence, not to legal domicile or voting residence," and as such, the residency requirement of section 545(a) would be satisfied if the AUSA merely "rents an apartment in the [district] and lives there during the workweek. It is not legally necessary that he change his voting registration." Id.

More importantly, the petitioner does not dispute the fact that the prosecuting AUSA was duly appointed by the Attorney General of the United States and had functioned in that capacity for a number of years./5 Levine also fails to direct this court's attention to, nor have we been able to discover, any caselaw holding that a violation of the residency statute deprives a district court of jurisdiction. Accordingly, we hold that 28 U.S.C. sec. 545(a) concerns a matter of governmental administration and, while we do not condone such practices, a violation of the residency requirement does not deprive the district court of jurisdiction over Levine's

trial and sentencing. Cf. Home News Publishing Co. v. United States, 329 F.2d 191, 193 (5th Cir. 1964) ("[T]hese provisions of the statutes are for the benefit of the Government. . . . We conclude, therefore, that the trial court had jurisdiction to proceed to judgment as it did.")./6 We also conclude that overwhelming evidence of the petitioner's guilt was presented at trial by the government and the alleged violation of section 545(a) by the prosecuting AUSA had no impact whatsoever upon the petitioner's conviction and sentence. The district judge properly rejected the petitioner's jurisdiction argument./7

   We AFFIRM the district judge's denial of the petitioner's section 2255 motion./8

/1 For further details of Levine's crime and direct appeal, see Levine, 5 F.3d at 1102-07.

/2 At oral argument, the government stated that the prosecuting AUSA maintained a North Hammond mailing address, which is within the Northern District of Indiana. Nonetheless, for reasons unexplained, the government does not dispute Levine's contention that the prosecuting AUSA resided outside of district, but instead argues that "even if [the AUSA] did not reside in the Northern District of Indiana, it would not invalidate Levine's indictment or prosecution." Because the government does not dispute the AUSA's failure to comply with the statute and the district judge assumed the same, for purposes of our review, we will assume that the prosecuting AUSA did not reside within the Northern District of Indiana.

/3 In 1994, the statute was amended to provide: "Each assistant United States attorney shall reside in the district for which he was appointed or within 25 miles thereof." 28 U.S.C. sec. 545(a) (1994) (emphasis added).

/4 Levine also asserts that "this case is different from every other case cited since in this case the AUSA, . . . the United States Attorney's Office and the presiding judge were aware of his violation, and were aware that he was acting fraudulently." Levine, however, has presented no evidence whatsoever in support of this bald assertion.

/5 The record does not indicate in what year the prosecuting AUSA in question was appointed by the Attorney General of the United States.

/6 Further, Levine cites to cases that relate to an alleged failure to properly appoint an assistant U.S. attorney or alleged acts that exceed their authority, and thus, have no applicability here. See, e.g., United States v. Providence Journal Co., 485 U.S. 693 (1988); United States v. Plesinski, 912 F.2d 1033 (9th Cir. 1990); United States v. Navarro, 959 F. Supp. 1273 (E.D. Cal. 1997).

/7 We are also of the opinion that because section 545(a) concerns a matter of government administration, the non-resident AUSA was a "de facto officer, and [was] entitled to continue in the office until it is judicially declared by a competent tribunal, in a proceeding for that purpose, that he had no right to it." Mitchell, 136 F. at 906; see E.E.O.C. v. Sears, Roebuck and Co., 650 F.2d 14, 17-18 (2d Cir. 1981) ("The de facto officer doctrine was developed to protect the public from the chaos and uncertainty that would ensue if actions taken by individuals apparently occupying government offices could later be invalidated by exposing defects in the officials' titles. . . . The doctrine has generally been applied to individuals who are in possession of an office, are performing the duties of the office, and who maintain an appearance of right to the office.").

/8 Because Levine has failed to make "a substantial showing of the denial of a constitutional right," we decline his motion to expand the certificate of appealability to include the additional issues raised in his briefs. See 28 U.S.C. sec. 2253(c)(2).