**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2021[*]
Decided January 21, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20–1929

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:91 CR 3 |
| ROBERT M. LEVINE, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Robert Levine is a federal inmate serving a life sentence imposed about 30 years ago for a triple murder-for-hire scheme. He hired a hitman who murdered Levine's brother and sister-in-law and attempted to murder his nephew. Levine asked the district court for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing his age (78) and poor health. The district court denied the motion, finding that, despite his advanced age and declining health, the factors under 18 U.S.C. § 3553(a)—the nature of

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the crime, need for deterrence, and desire to protect the public and promote respect for the law—weighed against granting Levine compassionate release. Because the district court did not abuse its discretion in denying the motion, we affirm.

Levine plotted the murder scheme in the late 1980s after he and his brother had worked together in business. When his brother accused Levine of stealing business funds, Levine hired a hitman to kill his brother, sister-in-law, and adult nephew. He told the hitman to kill his nephew first, then his sister-in-law, and his brother last, so that Levine would stand to inherit his brother's entire estate. The hitman ambushed the family in their home, pistol-whipped the nephew (who managed to escape), and then shot and killed Levine's brother and sister-in-law. After a year of investigation, Levine anticipated that he would be indicted for the murders, so he fled and lived under aliases for months. He eventually surrendered to authorities near the Mexican border.

Levine was convicted for his scheme in 1991. A jury found him guilty of four counts of using interstate commerce to commit murder for hire, 18 U.S.C. § 1958, and one count of conspiring to use interstate commerce for that purpose, 18 U.S.C. § 371. The court sentenced him to life in prison. We affirmed the conviction and sentence on direct appeal, *see United States v. Levine*, 5 F.3d 1100 (7th Cir. 1993), and denied Levine's motions for post-conviction relief. *See Levine v. United States*, 221 F.3d 941 (7th Cir. 2000); *United States v. Levine*, 132 F.3d 37 (7th Cir. 1997) (unpublished).

Last February, Levine moved for compassionate release. He invoked 18 U.S.C. § 3582(c)(1)(A)(i), which permits such release for "extraordinary and compelling reasons" after the court considers the factors under 18 U.S.C. § 3553(a). Levine offered several reasons for his release: he is in his late seventies, has served nearly 30 years in prison with no disciplinary record, and suffers from numerous medical maladies, including advanced heart disease, Non-Hodgkin's lymphoma (currently in remission), and a chronic lung disease that may be cancerous. *See* U.S.S.G. § 1B1.13 App. Note 1(A)(ii). He later added that he faces extra risks should he contract COVID-19.

The district court denied Levine's motion. First, it noted the circumstances that the Sentencing Commission lists in U.S.S.G. § 1B1.13 and its accompanying policy statement of "extraordinary and compelling reasons" for release. The court doubted but assumed that Levine satisfied those reasons based on the "serious deterioration" in his health, *see id.* App. Note 1(B), and the reduced risk that, at his age, he would endanger society if released. *See* 18 U.S.C. § 3142(g). Yet the court found that the factors under 18 U.S.C. § 3553(a) weighed against release. It wrote that "[t]here are perhaps few

crimes more offensive and heartbreaking than the murder of one's own family members." The court also emphasized that Levine told his hitman to kill the family in the order that would maximize his unlawful inheritance. "Further," the court added, "society would benefit from defendant continuing to serve his life sentence." The sentence would deter "others" from committing similar crimes and would protect the public from Levine, who despite his physical inabilities remained "mentally capable." This concerned the court because "murder-for-hire requires little physical agility or youth," so Levine could commit "further horrific acts" or "torment" his nephew. Finally, the court ruled, a life sentence would also "promote respect for the law" because Levine "has failed to accept any responsibility for his actions."

Levine appeals, arguing that the district court erred by denying his motion for compassionate release. He repeats that his age (now 79), poor health, and the risks he would face if he contracts COVID-19 qualify him for release. Levine also contends that the district court erred when analyzing the § 3553(a) factors because it focused entirely on the nature and circumstances of his offense. We review the district court's decision for abuse of discretion. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

A district court may grant an inmate's request for compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction" after considering applicable factors listed in § 3553(a). *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). But the district court need not have analyzed whether Levine's circumstances satisfied "extraordinary and compelling reasons" as defined by U.S.S.G. § 1B1.13. That guideline applies to motions brought by the Director of the Bureau of Prisons. Because Levine, rather than the Director, brought this motion, this guideline is not controlling. *See Gunn*, 980 F.3d at 1179. Nonetheless, the district court's reference to that guideline is inconsequential. The court assumed for purposes of its analysis that Levine's conditions qualified as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A)(i). Therefore, any argument that the court did not appropriately consider Levine's medical conditions or his increased risk should he contract COVID-19 fails.

The district court permissibly found that, even if Levine presented extraordinary and compelling reasons for release, the § 3553(a) factors outweighed those reasons and counseled against release. First, it reasonably explained that the nature of Levine's offenses—orchestrating the murder of family members, leaving his nephew parentless, and scheming to maximize an ill-gotten inheritance—were among the most serious known to the law. *See* 18 U.S.C. § 3553(a)(1). Second, contrary to Levine's assertion, the court did not consider only the seriousness his offenses. It also properly considered the

need to deter "others" from committing similar crimes. *See* § 3553(a)(2)(B). And it rightly considered the need to protect people from Levine himself. *See* § 3553(a)(2)(C). Although it assumed that Levine's physical condition might keep him from committing violence personally, it worried that because he remained mentally able, he could still commit "horrific acts" and "torment" his nephew. Finally, it properly found that a life sentence was needed to promote respect for the law, as Levine still refused to accept responsibility. *See* § 3553(a)(2)(A). Thus, in its discretionary balancing of these factors against Levine's health, the district court's decision was reasonable.

Last, Levine argues that his case should be remanded and reassigned to another district judge for a do-over because, he speculates, the district judge's friendship with the late Judge Lozano (who presided over Levine's trial) influenced the decision to deny the motion. But a friendly relationship is not "'compelling evidence' of bias so that a reasonable person would be convinced the judge is biased." *United States v. Modjewski*, 783 F.3d 645, 649 (7th Cir. 2015) (quoting *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002)).

We have reviewed Levine's other arguments, and none has merit.

AFFIRMED