**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 5, 2021*
Decided February 5, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2547

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern |
| | District of Indiana, Hammond Division. |
| *v.* | No. 2:18-cr-00021-TLS-APR-6 |
| TERRY BROWN, | Theresa L. Springmann, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Terry Brown, an inmate at the Federal Correctional Institution in Milan, Michigan, asked the district court—but not the Bureau of Prisons—for compassionate release in light of the COVID-19 pandemic. *See* 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion, finding that Brown, who had not alleged any existing health problems, did not demonstrate extraordinary and compelling circumstances justifying

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

release. But the government raised, and Brown did not refute, the argument that he failed to exhaust his administrative remedies, so we affirm on that ground instead.

Brown is serving a 70-month prison sentence for cocaine distribution and possession of a firearm in furtherance of drug trafficking; he is scheduled for release in March 2023. He moved for compassionate release in May 2020, arguing that overcrowded and unhygienic conditions at Milan facilitate the spread of pathogens and make him a "sitting duck" amid the COVID-19 pandemic. He asked the court to allow him to spend the rest of his sentence in home confinement or on supervised release.

In its response, the government asserted that there was no record of Brown requesting compassionate release within the Bureau of Prisons, and it urged the court to deny his motion for failure to exhaust his administrative remedies. *See* § 3582(c)(1)(A). The government further argued that release was unwarranted because Brown did not allege that he was particularly susceptible to the novel coronavirus, and his prison medical records reflect no health issues that would make him so.

The district court denied the motion. It declined to reach the issue of exhaustion, noting that, at the time, we had not yet ruled on whether courts could excuse the requirement. Instead, it concluded that Brown had not shown "extraordinary and compelling reasons," warranting release, *see* § 3582(c)(1)(A)(i), since he had no documented health issues and the prison had taken measures to contain the virus.

On appeal, Brown argues—for the first time—that he has diabetes and that this disease and the poor conditions of confinement together place him at risk of death if he "again" contracts COVID-19. (Brown explains in his briefs that he already contracted COVID-19 but concealed it because of the prison's practice of putting symptomatic inmates "in the hole," and that as a "victim," he is part of a nationwide class action against the Bureau of Prisons for failing to contain the virus.) The government renews its contention that Brown failed to exhaust his administrative remedies. In his reply brief, Brown asserts for the first time that he sent a compassionate-release request to his warden 30 days before filing his § 3582(c) motion and still has received no response.

The district court was right to deny Brown's request for early release, though we affirm the decision on a ground other than the one it gave. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018). Since the district court's ruling, we have clarified that the exhaustion requirement is a mandatory claim-processing rule. *United States v. Sanford*, No. 20-2445, 2021 U.S. App. LEXIS 2039, 2021 WL 236622, at *3 (7th Cir.

Jan. 25, 2021). Therefore, if the government raises a failure to exhaust at every opportunity, courts must enforce the requirement. *Id.* Although Brown now asserts that he met the exhaustion requirement of § 3582(c)(1)(A)(i), we cannot resolve a factual dispute on appeal. Nor will we remand to the district court for factfinding, because Brown waived the argument twice over: He failed to raise it in the district court, *Hess v. Bresney*, 784 F.3d 1154, 1161 (7th Cir. 2015), and, on appeal, presented it for the first time in his reply brief, *see Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018).

Even if we credited Brown's belated attestation that he exhausted his remedies within the Bureau of Prisons, we would not find an abuse of discretion in the district court's denial of relief. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). The court concluded that, without evidence that Brown faced any particularized risk of significant complications from COVID-19, the mere presence of the virus in his institution did not amount to an extraordinary and compelling reason. The court noted that Brown was just 35 years old and had recently told the probation office in presentence interviews that he was in good health (no mention of diabetes). This explanation is reasonable.

We have considered Brown's other arguments, and they are without merit.

AFFIRMED