In the

# United States Court of Appeals

### For the Seventh Circuit

No. 20-1959

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TEQUILA J. GUNN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 1:16-cr-10024 — **Joe Billy McDade**, *Judge.*

ARGUED NOVEMBER 17, 2020 — DECIDED NOVEMBER 20, 2020

Before EASTERBROOK, HAMILTON, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Federal judges have long been able to release prisoners for compassionate reasons such as terminal illness. Until recently that authority depended on a motion by the Bureau of Prisons. But in 2018 the First Step Act created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau to review the request

and make a recommendation (or it let 30 days pass in silence). 18 U.S.C. §3582(c)(1)(A). Subsection (c) now reads:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Tequila Gunn's sentence for drug and firearm offenses runs through March 2024. She asked a court to order her release under §3582(c)(1)(A) on the ground that, because of her age (62) and medical condition, she faces extra risks should she contract COVID-19. Gunn sought administrative relief

but came to court before the Director had replied or 30 days had run. Yet on appeal the United States has not invoked the statute's exhaustion requirement, thus forfeiting its benefit. Failure to exhaust administrative remedies is an affirmative defense, see *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975), not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.

The district court denied Gunn's motion, ruling that the subsection's final language—"that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"—prevents judges from granting compassionate release at the request of a prisoner in Gunn's position. That is so because the Sentencing Commission has not updated its policy statements to implement the First Step Act. (It can't, because it lacks a quorum.)

The most recent Guidelines Manual has a policy statement, U.S.S.G. §1B1.13, implementing the compassionate-release statute. But this policy statement begins "Upon motion of the Director of the Bureau of Prisons". The judge added that the commentary to §1B1.13, which defines "extraordinary and compelling reasons", is conclusive against Gunn even if the main text of §1B1.13 is not. Application Note 1(A), which addresses medical conditions, covers only prisoners who suffer from certain medical problems, not those who fear that they may contract a disease; and Application Note 1(D), which addresses other extraordinary circumstances, reads:

> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

So the catchall clause in Application Note 1(D) depends on a determination or motion of the Director, and Gunn's request depends on the catchall clause. This makes §1B1.13 inapplicable to Gunn, the judge concluded, and nixes her request.

Like the Second Circuit, see *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), we disagree with this reading of the statute's trailing paragraph. It says that a reduction must be "consistent with" all "applicable" policy statements. Section 1B1.13 addresses motions and determinations of the Director, not motions by prisoners. In other words, the Sentencing Commission has not yet issued a policy statement "applicable" to Gunn's request. And because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of §3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is "consistent with" a nonexistent policy statement. "Consistent with" differs from "authorized by".

The Department of Justice protests that this leaves district judges free to invent their own policies about compassionate release. Like the Second Circuit, we do not see the absence of an applicable policy statement as creating a sort of Wild West in court, with every district judge having an idiosyncratic release policy. The statute itself sets the standard: only "extraordinary and compelling reasons" justify the release of a prisoner who is outside the scope of §3582(c)(1)(A)(ii). The substantive aspects of the Sentencing Commission's analysis in §1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons"; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive. Cf. *Gall v. United States*,

552 U.S. 38, 49–50 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007).

It is true that a judge acting on a prisoner's motion may lack the advice of the Director, contemplated by Application Note 1(D), about whether some novel "extraordinary and compelling reason" exists. Yet the First Step Act does not muzzle the Director; to the contrary, it gives the Director at least 30 days to articulate the Bureau of Prisons' decision and rationale. We expect that district judges will give the Director's analysis substantial weight, even though under the First Step Act the Director's views are not controlling.

Like the district court, we hope that the Sentencing Commission's ability to revise its guidelines and policy statements will be restored by the appointment of additional members. Until that happens and §1B1.13 is amended, however, the Guidelines Manual lacks an "applicable" policy statement covering prisoner-initiated applications for compassionate release. District judges must operate under the statutory criteria—"extraordinary and compelling reasons"—subject to deferential appellate review.

The district court's decision is vacated, and the case is remanded with instructions to resolve Gunn's motion under the statutory standard.