NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021[*]
Decided January 22, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2130

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:17-CR-1-JVB-JEM |
| TRAVIS J. BARRETT, *Defendant-Appellant*. | Joseph S. Van Bokkelen, *Judge*. |

**O R D E R**

Travis Barrett, a federal inmate suffering from serious medical conditions, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his susceptibility to COVID-19. The district court denied Barrett's motion, concluding that he had not shown extraordinary and compelling reasons warranting his release under the statute. Because the court did not abuse its discretion in denying the motion, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Barrett's pro se motion argued that his medical conditions—multiple sclerosis, "history of hypertension," and hypoglycemia—and smoking history put him at particularly high risk of "contracting and possibly dying" from COVID-19. He further contended that insufficient safety measures at his prison, the Federal Correctional Institution in Elkton, Ohio, increased his risk of illness.

The district court recruited counsel for Barrett and invited counsel to file a supplemental brief, after which the government would have "7 days to respond." Barrett declined to submit a supplement. The government then moved to dismiss the motion for lack of jurisdiction because Barrett's direct appeal of his sentence was pending. Barrett replied that his motion for compassionate release was independent of his direct appeal (which we recently decided, *see United States v. Barrett*, No. 19-2254, 2020 WL 7022490 (7th Cir. Nov. 30, 2020)). He supplemented his reply with medical records documenting his MS diagnosis and high blood pressure. The government filed a response urging that Barrett's motion be denied because he had not established "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A)(i). The government argued that not only had the Bureau of Prisons implemented protocols at Barrett's facility to control the spread of COVID-19 and care for sick inmates, but none of Barrett's conditions was on the Centers for Disease Control and Prevention's list of factors elevating one's risk of contracting or developing a severe case of COVID-19.

The district court denied Barrett's motion. After explaining that it had jurisdiction to resolve the matter because Barrett's motion presented separate issues from his direct appeal, the court concluded that Barrett's reasons for release were not "extraordinary and compelling" under § 3582(c)(1)(A)(i). Central to the court's decision was that the CDC had not identified any of Barrett's conditions as creating a higher risk of severe illness from COVID-19. The court explained that the closest fit from the CDC's list was "serious heart conditions," but it declined to "shoehorn" Barrett's history of hypertension into that category because it appeared to be well-controlled.

We begin with a word about the district court's jurisdiction. If a party moves for relief in the district court that the court lacks authority to grant because of a pending appeal, Federal Rule of Criminal Procedure 37(a) provides the court with three options. The court may (1) defer considering the motion; (2) deny the motion; or (3) state either "that it would grant the motion if the court of appeals remands for that purpose," or "that the motion raises a substantial issue." FED. R. CRIM. P. 37(a); *see also United States v. Taylor*, 796 F.3d 788, 792 (7th Cir. 2016) ("remind[ing] litigants to keep in mind Federal Rule of Criminal Procedure 37, which governs timely motions for relief that the district court lacks authority to grant because of a pending appeal"). Thus, even though

Barrett's direct criminal appeal was pending before us, the district court had jurisdiction to deny his compassionate-release motion. *See* FED. R. CRIM. P. 37(a); *United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020).

On the merits, Barrett argues that the district court downplayed the severity of his medical conditions and inadequacy of his prison's safety measures—circumstances, he asserts, that are sufficiently extraordinary and compelling to justify his release. He contends that hypertension and MS "could be considered on the [CDC] list" on which the district court relied, because those conditions are similar to the listed ailments of serious heart conditions and immune deficiencies. Further, he presents new evidence (another CDC website and internet articles authored by physicians) suggesting that persons with autoimmune diseases like MS are more susceptible to COVID-19, and that understaffing and overcrowding in his prison increase his risk of contracting the virus.

Our review on this matter is deferential, *see United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020), and the district court here did not abuse its discretion by deciding that Barrett's medical conditions and prison circumstances were not "extraordinary and compelling reasons" for release under § 3582(c)(1)(A)(i). Barrett introduced no evidence in the district court showing that someone with his conditions is more susceptible to COVID-19 or more likely to experience severe symptoms from the virus. Nor can he point to evidence in the record that would call into question the court's decision to credit the BOP's efforts to control the virus in his prison.

Barrett also contends that the district court should not have considered the government's second response (arguing that his motion be denied on the merits) because it presented new arguments to which he had no chance to respond. But not only did Barrett forfeit any objection by failing to raise one in the district court, *see United States v. Moody*, 915 F.3d 425, 429 (7th Cir. 2019), the court appropriately exercised its broad discretion to consider the response, *see Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 630 (7th Cir. 2019); *see also* FED. R. CRIM. P. 57(b), especially because it addressed Barrett's evidence of his medical conditions.

AFFIRMED