**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 22, 2021[*]
Decided January 25, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-2035

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10-CR-40062-JPG-1 |
| HOLLI WRICE, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Holli Wrice appeals from the district court's denial of her motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute authorizes district courts to modify a term of imprisonment when justified by "extraordinary and compelling reasons." The district court held that § 3582(c)'s trailing paragraph, which says a court

---

[*] We have agreed to decide the case without oral argument because the dispositive issue has been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

may not modify a term of imprisonment unless "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" prevented it from granting relief.

After Wrice appealed we held in *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), that the Sentencing Commission has not yet issued policy statements applicable to a prisoner's motion for compassionate release under the First Step Act. Because there are no applicable policy statements, "the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *Id.* at 1180.

*Gunn* is controlling in this case. The district court erred when it held that the Guidelines prohibited it from considering whether a favorable but non-retroactive statutory amendment constitutes an extraordinary and compelling reason to reduce Wrice's sentence. The government, in its brief, agrees with Wrice that remand for further proceedings in light of *Gunn* is appropriate. The government offered an independent ground for affirmance in its brief, but remand will allow the district court to address those arguments in the first instance. Accordingly, the district court's June 9, 2020, order is VACATED and this case is REMANDED to the district court for further consideration in light of *United States v. Gunn*.