NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2021[*]
Decided February 2, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2754

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 15-cr-00157 |
| DEXTER FISHER, *Defendant-Appellant*. | Jane Magnus-Stinson, *Chief Judge*. |

**O R D E R**

Dexter Fisher, a federal prisoner, sought a sentence reduction under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied him relief. Because the district court did not abuse its discretion, we affirm.

Following Dexter Fisher's arrest for three armed robberies, a jury found him guilty of three counts of Hobbs Act robbery, 18 U.S.C. § 1951(a); three counts of brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii); and one count of

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

being a felon in possession of a firearm, *id.* § 922(g)(1). The district court sentenced Fisher to the mandatory minimum sentence—fifty-seven years' imprisonment—plus one year of supervised release for each of four counts, concurrent. Fisher appealed his sentence. We affirmed it.

On June 10, 2020, after exhausting his administrative remedies, Fisher filed a *pro se* motion under the First Step Act arguing that "extraordinary and compelling reasons warrant" a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). He argued that the First Step Act's removal of the "stacking" provision that mandated consecutive sentences for § 924(c) convictions is an extraordinary and compelling reason to reduce his sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222 (2018). The district court denied his motion.

Fisher now appeals and argues that the district court abused its discretion. He renews his argument that the difference between the sentence that he received and the sentence that he *would have* received after the enactment of the First Step Act qualifies as an extraordinary and compelling reason for a sentence reduction. Citing his admirable record of rehabilitation in prison, Fisher also contends that the district court erred in concluding that he is still a danger to the community.

Following the First Step Act, a defendant may file a motion for a reduced sentence, so now "the court, … upon motion of the defendant …, may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement advises that a court also consider whether "the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (explaining that although the Sentencing Commission's policy statements predate the First Step Act, "the Commission's analysis can guide discretion without being conclusive"). Further, § 3353(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed … to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

A district court has discretion to determine whether "extraordinary and compelling reasons" warrant a sentence reduction. *Gunn*, 980 F.3d at 1180 (quoting § 3582(c)(1)(A)); *United States v. Cochran*, 833 F. App'x 5 (7th Cir. 2020) (unpublished).

We will reverse such a decision only if the court abused that discretion. *Gunn*, 980 F.3d at 1180.

The district court did not do so here. After considering Fisher's rehabilitative record, the circumstances of his criminal offenses, his criminal history, and his time served, the district court found that Fisher failed to demonstrate that he is not a danger to the community. The court noted the violence involved in his offenses—pointing a gun at his robbery victims and threatening to shoot them—and his criminal history, which includes convictions for conspiracy to commit robbery, unlawful possession of firearms, resisting law enforcement, criminal trespass, felony escape, and drug offenses. The district court "recognize[d] Mr. Fisher's efforts toward rehabilitation," but "[w]eighing these factors, [it] c[ould not] conclude that Mr. Fisher presents no danger to the community at this time." Fisher "has not demonstrated that the court relied on any erroneous facts or otherwise abused its discretion in reaching that conclusion."[1] *Cochran*, 833 F. App'x 5.

AFFIRMED

---

[1] Because the district court did not abuse its discretion on this ground, we need not reach Fisher's arguments directed to its other grounds for denying relief.