**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAUL MARCOS RODRIGUEZ,

    Defendant - Appellant.

No. 20-3220
(D.C. No. 5:18-CR-40045-HLT-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **KELLY**, and **McHUGH**, Circuit Judges.[**]
_____

Raul Rodriguez, a federal inmate appearing pro se, appeals from the district

court's order denying his motion for sentence reduction under 18 U.S.C.

§ 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that

the district court did not abuse its discretion and affirm.

Title 18 U.S.C. § 3582 authorizes courts to modify a sentence upon motion of

a defendant who has exhausted his administrative rights where, after considering the

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

factors set forth in 18 U.S.C. § 3553(a), the court determines that (1) "extraordinary and compelling reasons warrant" a sentence reduction and (2) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). We review the district court's denial of a motion for compassionate release for abuse of discretion. United States v. Mannie, 971 F.3d 1145, 1154–55 (10th Cir. 2020).

On October 30, 2018, Mr. Rodriguez pled guilty to one count of possession with intent to distribute less than 100 grams of heroin. He was sentenced to 103 months of imprisonment, which he is serving at FCI El Reno, and a three-year term of supervised release. His projected release date is September 12, 2025.

Mr. Rodriguez requested compassionate release on the basis that his medical conditions, which include obesity, diabetes, sleep apnea, and shortness of breath, place him at high risk for complications should he contract COVID-19. The government conceded that these medical conditions qualify as extraordinary and compelling reasons that could warrant compassionate release and further agreed that Mr. Rodriguez had exhausted his administrative rights. However, after considering the § 3553(a) factors, the district court determined that a sentence reduction was not appropriate. The district court characterized Mr. Rodriguez's case as a sad one where he began selling drugs after becoming addicted to opioids (and later heroin) as a result of an oxycodone prescription for a hand injury. It further noted that Mr. Rodriguez had undertaken rehabilitation efforts and had a good disciplinary record at FCI El Reno. On the other hand, the district court noted that it had varied downward

2

from the guidelines range, multiple drugs were discovered at Mr. Rodriguez's residence, and that his pretrial release had been revoked due to a drug relapse.

On appeal, Mr. Rodriguez first argues that the district court improperly based its decision on personal feelings and bias. However, the district court's characterization of his case follows from its entirely appropriate consideration of the underlying offense and Mr. Rodriguez's history. See 18 U.S.C. §§ 3553(a), 3582(c)(1)(A). There is no indication that personal feelings or bias played any role in the district court's decision.

Mr. Rodriguez argues further that the district court misapplied § 3582(c)(1)(A) in denying his motion. Specifically, he contends that application of the § 3553(a) factors requires compassionate release and that uncharged conduct may not be considered in weighing those factors. Section 3553(a), however, requires a court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant." This includes uncharged conduct. See United States v. Pinson, 542 F.3d 822, 835–36 (10th Cir. 2008). As discussed above, the district court recognized that the exhaustion and extraordinary and compelling reasons requirements under § 3582(c)(1)(A) were satisfied. However, after considering the § 3553(a) factors, the district court concluded that a sentence reduction was not appropriate. This conclusion was supported by a "thorough and reasonably articulated basis" and did not constitute an abuse of discretion. See Mannie, 971 F.3d at 1158.

3

We have considered Mr. Rodriguez's remaining arguments and AFFIRM the district court's order denying his motion for sentence reduction.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

4

No. 20-3220, *United States v. Rodriguez*
**BRISCOE**, Circuit Judge, concurring.

I agree that the district court did not err in denying Mr. Rodriguez's motion for sentence reduction based on its application of the factors set forth in 18 U.S.C. § 3553(a).

Although not relied on by the majority, the district court also applied the United States Sentencing Guideline § 1B1.13 as part of its rationale in support of denying Mr. Rodriguez's motion. I agree with the Second Circuit that after the First Step Act's promulgation § 1B1.13 does not apply to defendant-filed motions. *United States v. Booker*, 976 F.3d 228, 235 (2d Cir. 2020). Every other circuit to have addressed this issue has agreed with the Second Circuit's reasoning. *See United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020).

I would dismiss Mr. Rodriguez's motion to reduce sentence for lack of jurisdiction.