NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021[*]
Decided February 26, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2110

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 469-1 |
| WILLIE JONES, <br> *Defendant-Appellant.* | Virginia M. Kendall, <br> *Judge.* |

## O R D E R

Willie Jones, a federal inmate suffering serious medical conditions, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his susceptibility to complications from COVID-19. The district court denied his request, concluding that he

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

had not shown sufficiently compelling reasons to justify release. The court did not abuse its discretion in denying the motion, so we affirm.

Jones pleaded guilty in 2014 to bank fraud, 18 U.S.C. § 1344, and aggravated identity theft, 18 U.S.C. § 1028A(a)(1), and was sentenced to 184 months' imprisonment. We affirmed the sentence on direct appeal, *see United States v. Jones*, 792 F.3d 831 (7th Cir. 2015), and his attempt at postconviction relief was unsuccessful. *See United States v. Jones,* No. 16 C 50248, 2017 WL 6345770 (N.D. Ill. Aug. 8, 2017).

In April 2020, Jones moved for compassionate release under § 3582(c)(1)(A)(i), asking that the district court reduce his sentence or release him on home confinement. He asserted that his medical conditions—diabetes mellitus, hypertension, obesity, anemia, and respiratory disease—and his age (55) place him at high risk of serious illness if he contracts COVID-19. He had completed nearly half of his sentence and participated in a significant amount of prison programming, he argued, so continued imprisonment was unnecessary to prevent him from recidivating. Further, he doubted his prison's ability to provide adequate care for his underlying health conditions in light of the pandemic, adding that his prison—the Federal Correctional Institution in Elkton—had one of the highest infection rates of COVID-19 of any federal prison in the country.

The district court denied his request. It questioned whether Jones had exhausted his administrative remedies (as 30 days apparently had not elapsed since the warden had received his request), but proceeded to conclude on the merits that Jones had not made a showing of "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). Acknowledging that Jones's medical conditions could make him more vulnerable to the risk of significant complications from COVID-19, the court nonetheless determined that the factors set forth in 18 U.S.C. § 3553(a) weighed against release. The court noted that Jones had committed serious offenses involving a significant sum of money (bilking elderly women of hundreds of thousands of dollars through pickpocketed identification cards), such behavior needed to be deterred; Jones's criminal history was lengthy and worsening (he committed the most recent fraud offense while on probation for other crimes), and a significant amount of time (nearly six years) still remained on his sentence.

On appeal, Jones maintains that compassionate release is justified by his prison's unsafe conditions of confinement and his medical conditions that expose him to serious

complications if he contracts COVID-19.[1] But the district court acted within its discretion in denying relief. The court acknowledged the seriousness of Jones's health concerns and the threat of COVID-19 inside prisons, but reasonably found those considerations outweighed by the § 3553(a) sentencing factors—specifically, the seriousness of his crime, his significant criminal history, the need to deter others, and the lengthy time remaining on his sentence. *See United States v. Saunders*, No. 20-2486, 2021 WL 420317, at *2 (7th Cir. Feb. 8, 2021).

Jones relatedly argues that the district court failed to account for his good behavior since his sentencing. The court, however, alluded to this argument (noting his contention that "he has worked to turn his life around while incarcerated"), and reasonably determined that the § 3553(a) factors counseled against early release. For such an inquiry, weighing Jones's criminal past against his recent good conduct is an appropriate exercise of discretion. *See United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018).

We have considered Jones's other arguments, and none has merit.

AFFIRMED

---

[1] We need not address Jones's challenge to the district court's ruling on exhaustion because the government did not invoke this nonjurisdictional defense in the district court. *See United States v. Williams*, No. 20-2404, 2021 WL 486885, at *1–2 (7th Cir. Feb. 10, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). In any event, the district court decided the case on the merits rather than his failure to exhaust administrative remedies.