**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 3, 2021
Decided March 22, 2021

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2752

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-CR-20020 |
| TIMOTHY A. COSMAN, *Defendant-Appellant*. | Colin S. Bruce, *Judge*. |

**ORDER**

Timothy Cosman, an obese federal inmate who suffers from asthma, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on his susceptibility to COVID-19. The district court denied his request, finding that—though his health conditions presented extraordinary and compelling circumstances—the factors under 18 U.S.C. § 3553(a) weighed against granting release. Cosman's sole argument on appeal is that the district court abused its discretion by not reweighing the § 3553(a) factors in the context of the pandemic. But the court appropriately weighed those factors, so we affirm.

# I

Cosman is currently housed at the Thomson Satellite Prison Camp in northwestern Illinois, and his projected release date is July 2022. He pleaded guilty to bank fraud, 18 U.S.C. § 1344, after he deceived his bank—exposing it to potential losses of over eight million dollars—in an ill-fated attempt to keep his farm afloat. The district court imposed a below-guidelines sentence of three years in prison. In weighing the § 3553(a) sentencing factors, the court determined that he was "generally a good citizen" unlikely to re-offend or pose a danger to the public, but his extensive fraud (which involved forging the signature of a bank employee) showed that he knew his actions were criminal.

Less than eight months into his sentence, Cosman moved for compassionate release based on the risks to his health posed by the COVID-19 pandemic. § 3582(c)(1)(A)(i). He argued that his health conditions—asthma, obesity (6′ 1″, 300 pounds, corresponding to a body mass index of 39.7), hypertension, and prediabetes— were "extraordinary and compelling reasons" for a sentence reduction. *Id.* Cosman emphasized that he did not pose a danger to the public and asked the court to reconsider the § 3553(a) factors along the lines of his arguments in his original sentencing memorandum—arguments that he asked the court to incorporate by reference "[f]or the sake of judicial economy." He added that his lack of participation in prison programming should not count against him because the prison had halted it in response to the spread of COVID-19. Later, he supplemented his motion to report that the positive COVID-19 cases at the Thomson Penitentiary (not Thomson's satellite location) had increased to 18 inmates and 25 staff members. The government acknowledged that Cosman's health presented compelling reasons for compassionate release but nonetheless argued that the nature and circumstances of his offense did not warrant such a substantial sentence reduction (the equivalent of 80.6 percent).

The district court denied Cosman's request. The decision was "close," the court stated, as Cosman's health issues did present compelling reasons for release, but the § 3553(a) sentencing factors tipped the scale against him. The court stood by the "same reasons" it articulated at sentencing—most prominently those concerning the nature and circumstances of the offense (the fraud had escalated into "much more extensive and wide-ranging fraud over time"), *see* § 3553(a)(1); the defendant's characteristics (he had exercised "extremely bad judgment" that became "full-blown criminal activity"), *id.*; the seriousness of the offense (the fraud's extensive scale and scope), § 3553(a)(2)(A);

and the need to promote respect for the law (he had served only 8 months of his 36-month term), *id*.

## II

We review the denial of compassionate release motions for abuse of discretion. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020). Under § 3582(c)(1)(A)(i), a district court, after considering the applicable § 3553(a) factors, may reduce an inmate's prison term if "extraordinary and compelling reasons" warrant release. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The court need not walk through all the factors if the record—both at sentencing and on a motion for compassionate release—shows that it considered them. *See*, *e.g.*, *United States v. Stephens*, 986 F.3d 1004, 1010 (7th Cir. 2021) (sentencing); *United States v. Jones*, 980 F.3d 1098, 1113–14 (6th Cir. 2020) (motion for compassionate release).

Cosman's sole argument on appeal is that the district court abused its discretion in denying his compassionate release request by failing to consider the § 3553(a) factors anew, "against the uniquely historic backdrop" of the pandemic and his extraordinary and compelling reasons for release. The court, he says, did not sufficiently weigh the danger that the virus posed to him while in federal custody (or the availability of noncustodial sentences), and it relied almost entirely on its past findings. (The government responds that Cosman waived—or at least forfeited—that argument when he did not update his § 3553 analysis in the district court; however, we understand Cosman to say that the district court must reweigh certain § 3553 factors in the context of the ongoing pandemic.)

The district court appropriately exercised its discretion to deny Cosman's motion. Contrary to Cosman's assertions, the court supported its decision with a reconsideration of the applicable § 3553(a) factors. The court, for example, acknowledged his personal risk during the pandemic, finding that his health issues did "present a compelling reason for release." The court also noted that Cosman had served only 8 months out of his 36-month sentence, *see* § 3553(a)(2)(A), and that it "*continue[d]* to believe, as it did at sentencing," that he did not pose any threat to the public, *see* § 3553(a)(2)(C), and was unlikely to re-offend, *see* § 3553(a)(2)(B). The court even updated the number of positive cases at the Thomson Penitentiary (though the court pointed out that Cosman faced no immediate threat because Thomson's satellite location—where he was housed—had no positive cases). Given these observations, the court acted within its discretion to "stand[] by" its earlier sentencing analysis, and

conclude that those "same reasons counsel the result" here. And if there were any doubt about the court's attentiveness to the § 3553(a) factors, it summed up its ruling as "close … but the seriousness of the offense in terms of the scale and scope of the fraud and the fact that [Cosman] has only served a small portion of his sentence, weigh in favor of denying release at this time." *See also Saunders*, 986 F.3d at 1078 (upholding denial of compassionate release based on the time left on the prisoner's sentence). Indeed, Cosman could not point to any factor that required an updated analysis.

AFFIRMED