**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 21, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2666

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:97-cr-00118-RLY-DKL-03 |
| ANTHONY T. BAILEY, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

**O R D E R**

Anthony Bailey, an inmate at Federal Correctional Institution Coleman Medium in Florida, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), requesting that his sentence be reduced to time served. He argued that his current sentence is significantly longer than what he would receive today after statutory changes and that his medical conditions increased his risk from COVID-19. The district court assumed that Bailey presented "extraordinary and compelling" reasons for release

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

but denied the motion after considering the 18 U.S.C. § 3553(a) sentencing factors. Because the district court properly exercised its discretion, we affirm.

In 1997, a jury found Bailey guilty of one count of armed bank robbery, *see* 18 U.S.C. § 2113(a), (d), two counts of carjacking, *see* 18 U.S.C. § 2119(1)–(2), and three counts of using a firearm during a crime of violence, *see* 18 U.S.C. § 924(c). Along with two co-defendants, Bailey stole a delivery driver's uniform and truck at gunpoint, leaving him tied up in back. One of Bailey's co-defendants donned the uniform to distract the manager of a bank. Bailey and the other co-defendant tied up the manager and demanded the vault be emptied. After the robbery, the three fled, abandoning the truck a short distance away with the driver still tied up in back.

The robbers continued their flight in a getaway car, eventually abandoning it in a cornfield after crossing an interstate median during a police chase. They entered a nearby home and hid. A girl opened her closet to Bailey pointing a gun at her. When her parents responded to her screams, the three robbers tied up the mother and daughter and directed the father to drive them to Indianapolis, threatening to kill him if anyone contacted the police after they left. The man complied. Bailey was apprehended nearly four months later.

The district court sentenced Bailey to concurrent sentences of 188 months for the robbery count and 180 months for the two carjacking counts. Due to then-mandatory stacking provisions, the district court imposed consecutive terms of 60 months for the first firearms count and 240 months each for the other two. *See* 18 U.S.C. § 924(c) (1996). Bailey's total prison sentence was 728 months.

In February 2020, Bailey moved pro se for compassionate release, arguing that his sentence was unjust after § 924(c) was amended so that multiple charges within the same indictment no longer trigger heightened punishment for recidivism. First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (2018); *United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019). A brief filed with the assistance of counsel added that Bailey's medical conditions (high blood pressure, Type II diabetes, and latent tuberculosis infection) put him at high risk from COVID-19.

The district court first asked if Bailey presented an extraordinary and compelling reason for release. *See* § 3582(c)(1)(A)(i). It assumed that Bailey's medical conditions met the requirement after the government conceded the point. Therefore, it did not address whether the changes to the § 924(c) sentencing scheme could qualify.

The court next considered the § 3553(a) sentencing factors. *See* § 3582(c)(1)(A). It began by saying that although Bailey's medical conditions and incarceration increase his susceptibility to COVID-19, the Bureau of Prisons' mitigation efforts and management of his conditions reduce that risk. The court next commended Bailey for having no disciplinary incidents in more than 20 years in prison and for earning his GED. But it determined that other factors outweighed this conduct: Bailey's risk of recidivism, the "disturbing, violent" nature of his crimes, and his lack of remorse or acceptance of responsibility. The court noted that Bailey would receive a lower sentence today (likely 368 months) but that, at 276 months, he had yet to serve even that much time. The court therefore denied the motion. We review the decision for abuse of discretion. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

On appeal, Bailey argues that the sentencing disparity created by the amendments to § 924(c) constitutes an extraordinary and compelling reason for release. *See United States v. McCoy*, 981 F.3d 271, 274–75 (4th Cir. 2020); *compare* 18 U.S.C. § 924(c)(1)(A)(i), (C)(i) (2018) *with* 18 U.S.C. § 924(c)(1) (1996). We need not address that contention because the district court assumed an extraordinary and compelling reason for release (Bailey's health). Further, the court considered the argument as it related to the § 3553(a) factors, comparing Bailey's time served to the sentence he might receive today. Bailey contends that the district court miscalculated that sentence, insisting that he would receive 248 months (188 months for the underlying offenses and 60 months for the firearms counts). As the district court noted, however, that presumes only a single § 924(c) count. The correct hypothetical sentence is beside the point: A much lower sentence would now be possible, which the district court acknowledged.

Bailey also argues that the district court put too much weight on his medical conditions being under control and not enough on his post-conviction behavior. He insists that the prison's COVID-19 mitigation efforts are insufficient and that the management of his conditions does not reduce the risk they create with respect to the virus. We are in no position to evaluate Bailey's medical claim, but, in any event, the district court believed that his health and imprisonment make him more vulnerable to the virus. It likewise accounted for Bailey's post-conviction behavior, commending him and counting it in his favor. It simply found that other factors weighed against his release. The district court exercised its broad discretion by concluding that release was inappropriate and would not reflect the seriousness of Bailey's offense, provide just punishment, or deter and protect against future criminal conduct. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Our job is not to reweigh the factors.

AFFIRMED