NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2021[*]
Decided May 7, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2810

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 09 CR 50025 |
| JERMAINE CURTIS, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Jermaine Curtis, a federal inmate, sought compassionate release based on his risk of contracting COVID-19 in prison and his desire to care for his aging family members. The district court denied relief, finding that Curtis had not shown extraordinary and compelling reasons for early release and that the sentencing factors weighed against it. The court did not abuse its discretion in denying the motion, and so we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Curtis is confined at the United States Penitentiary Leavenworth and has a projected release date in April 2023. He pleaded guilty in 2010 to distributing cocaine, 21 U.S.C. § 841(a)(1), and received a 262-month prison sentence. The district court later reduced his sentence to 188 months after the First Step Act made retroactive the Fair Sentencing Act's amendments to the applicable sentencing guidelines.

In 2020, Curtis moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that the prison environment—where virus-testing was rare and maintaining social distance was impossible—heightened his risk of contracting COVID-19. Curtis asserted that he had an irregular heartbeat and a history of smoking, and he pointed to his original sentencing records, which showed that he was obese in 2010. Curtis also sought release so he could care for his mother (who has a brain tumor), his father (who suffers from a heart condition), and his elderly grandmother. He asked the court to consider that he had committed a nonviolent crime and had only 36 months of his sentence left to serve; further, in prison, he had earned his GED and successfully completed rehabilitation programs. Alternatively, Curtis proposed a "modified" sentence—he would serve time on home confinement but return to prison if the pandemic ended before he completed his sentence.

The district court denied the motion because Curtis did not show "extraordinary and compelling reasons" for a reduction in his prison sentence under § 3582(c)(1)(A)(i). His prison had only nine active COVID-19 cases among inmates, the court explained, and Curtis, who was only 37, did not suffer from health conditions identified by the Centers for Disease Control and Prevention as increasing his risk from the virus. Although he was obese ten years ago, the court observed, no medical records showed his current weight. Curtis's family circumstances also were not "extraordinary and compelling," the court explained, because he did not assert that he was the only available caregiver for a child or spouse—a consideration set forth in the policy statement at U.S.S.G. § 1B1.13. The court also concluded that the sentencing factors under 18 U.S.C. § 3553(a) weighed against Curtis's release: He had distributed a large quantity (56.3 grams) of cocaine and had accumulated eight adult convictions, some violent, before this one; further, although he earned his GED in prison, he had also accrued ten disciplinary violations.

On appeal, Curtis argues that the district court abused its discretion in finding there were no extraordinary and compelling reasons to reduce his sentence. He contends that the court placed too much weight on the CDC guidelines, ignored that COVID-19 kills people without preexisting conditions, and, in assuming that other

family members could care for his mother, overlooked the importance of his role as her son. We review the denial of compassionate release for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court, after considering the § 3553(a) factors, has the discretion to reduce a defendant's prison term for "extraordinary and compelling reasons" if it would be consistent with any applicable policy statement of the Sentencing Commission. Although no such statement is controlling with respect to motions filed by prisoners since the First Step Act expanded the compassionate-release statute, U.S.S.G. § 1B1.13 may continue to inform the district court's discretion. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

The district court did not abuse its discretion in denying Curtis's motion. First, the court reasonably consulted § 1B1.13, App. Note 1, and reasoned that neither the pandemic nor Curtis's family circumstances constituted an extraordinary and compelling reason for a sentence reduction. Curtis's prison had few COVID-19 cases, and CDC guidance did not suggest he had an increased risk of complications from the virus. Moreover, as the court observed, Curtis did not have a child or spouse who relied on him alone for care.

Second, the court appropriately considered the § 3553(a) sentencing factors as an independent reason to deny relief. *See Saunders*, 986 F.3d at 1078 (explaining that "courts are not compelled to release every prisoner with extraordinary and compelling health concerns"). Curtis argues that the court ignored the nonviolent nature of his offense and his clean disciplinary record in the preceding five years. The court, however, did not neglect these points: It reasonably concluded that his nonviolent crime and rehabilitation progress were offset by the large quantity of cocaine he sold, *see* § 3553(a)(1), his extensive criminal history, *id.*, and his earlier disciplinary violations in prison, *see* § 3553(a)(2). We will not reweigh the factors. *See United States v. Sanders*, 992 F.3d 583, 588–89 (7th Cir. 2021).

Finally, Curtis maintains that the district court should have considered his alternative request for a transfer to home confinement. The Bureau of Prisons, not the district court, has plenary control over Curtis's place of imprisonment. *See* Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). The district court therefore did not err by declining to address a request it lacked authority to grant. *See Saunders*, 986 F.3d at 1078.

AFFIRMED