NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 16, 2021[*]
Decided July 19, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2885

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:17-cr-40042-SLD-1 |
| JAMES LEROY BATES, JR., <br> *Defendant-Appellant*. | Sara Darrow, <br> *Chief Judge*. |

**O R D E R**

A fifth of the way through his 225-month prison term for federal methamphetamine and gun crimes, James Bates, Jr., sought compassionate release. He cited his diabetes and obesity as risk factors for severe infection from COVID-19. Although the government conceded and the district court agreed that Bates's health risk was extraordinary and compelling, the court exercised its discretion to deny the motion

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

because Bates's recidivism (both in and out of prison) outweighed his interest in so great an imprisonment reduction. We affirm.

During the sale of more than 80 grams of methamphetamine, Bates carried a pistol—despite five prior state convictions for crimes punishable by more than one year of imprisonment. He pleaded guilty to attempting to distribute methamphetamine, 21 U.S.C. §§ 846, 841(b)(1)(A), and possessing a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A). Later, in prison, Bates was twice disciplined for obtaining narcotics.

About 46 months into his sentence, and after exhausting administrative remedies, Bates moved pro se for compassionate release. The next month he amended the motion with help from counsel. He argued that his diabetes and obesity put him at risk of severe illness or death from COVID-19, especially given difficulties controlling the virus's spread in prison. In response, the government conceded that Bates's health risk was extraordinary and compelling, *see* 18 U.S.C. § 3582(c)(1)(A)(i)—if viewed in isolation—but opposed the motion based on the sentencing factors in § 3553(a).

The district judge denied Bates's request. Accepting that Bates's health risk was extraordinary and compelling, the judge nonetheless determined that public safety, respect for the law, and Bates's criminal history eclipsed his interest in being released less than 50 months into his 225-month sentence. Even with good-conduct time, his projected release date fell in November 2032—still many years away.

Bates now argues, first, that the district judge downplayed the COVID-19 danger he faces. And he maintains that he contracted the virus while this appeal was pending, thus suggesting that his prison cannot keep him safe. Yet when the judge denied the motion, Bates had no known infection. In any event, the judge accepted that Bates faced grave risks, but determined those risks were outweighed by justice and public safety concerns under § 3553(a). Considering those countervailing sentencing factors was not only permitted, but required. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). And the judge had ample discretion to credit both Bates's high risk of recidivism and the prospect that excusing him from more than 12 years' imprisonment would undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A); *Saunders*, 986 F.3d at 1078.

Second, Bates contends that the judge should have discussed whether his drug addiction (as described in his underlying sentencing record) mitigates his criminal history. But in seeking compassionate release, Bates did not ask the judge to treat his

addiction as a mitigating factor, and the judge did not abuse her discretion by declining to do so on her own.

Finally, Bates says the judge should have expressly stated whether Bates posed a "danger to the safety of any other person or to the community," as contemplated by U.S.S.G. § 1B1.13(2). But the current version of this policy statement is nonbinding when the defendant (rather than the Bureau of Prisons) moves for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). In any event, the judge explored Bates's dangerousness when she discussed his recidivism and the facts of his drug and gun crimes, even if she did not cite the policy statement for this point. Here too, then, there was no abuse of discretion.

AFFIRMED