NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 4, 2021[*]
Decided August 5, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3449

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:17-cr-00001-JRS-CMM-01 |
| TERRY EVELAND, *Defendant-Appellant*. | James R. Sweeney II, *Judge*. |

**O R D E R**

Terry Eveland, an inmate at USP McCreary in Kentucky, moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his medical conditions—including chronic obstructive pulmonary disease, hypertension, type 2 diabetes, hepatitis C (which is in remission after treatment), and a removed spleen—increased his risk of severe complications from COVID-19. The district court assumed

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

that Eveland presented an extraordinary and compelling reason for release but denied the motion based on the sentencing factors under 18 U.S.C. § 3553(a). Because the district judge properly exercised his discretion, we affirm.

Eveland sought compassionate release in June 2020, two years after pleading guilty to conspiracy to possess with intent to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, arguing that his health conditions made him vulnerable to severe complications if he contracted COVID-19. He also argued that the time he had served in prison (almost one quarter of his 158-month, below-guidelines sentence) adequately reflected the severity of the offense and would deter him from future criminal conduct. Further, Eveland pointed to his good behavior and efforts to rehabilitate himself in prison, citing his clean disciplinary record and participation in education and substance-abuse programs.

The judge denied Eveland's motion. He assumed, without deciding, that Eveland's health conditions, in light of the COVID-19 pandemic, were an extraordinary and compelling reason warranting a sentence reduction.[1] But the judge concluded that the § 3553(a) factors weighed against Eveland's early release. The judge explained that Eveland's crime was serious, involving 45 kilograms of methamphetamine, and had a "wide-ranging negative effect" on the community. Moreover, Eveland had a significant criminal history, including four prior felony convictions and a violation of the terms of his probation. The judge acknowledged Eveland's positive post-incarceration conduct, but ultimately determined that releasing Eveland after he had served only a quarter of his sentence "would not reflect the seriousness of his crime or promote deterrence or respect for the law."

On appeal, Eveland first argues that the district judge impermissibly relied on the policy statement in U.S.S.G. § 1B1.13, which explains what constitutes extraordinary

---

[1]  We recently held that, in many cases, a prisoner with medical conditions that increase his risk from COVID-19 likely will not be able to show an extraordinary and compelling reason for release now that vaccines are widely available. *United States v. Broadfield*, No. 20-2906, --- F.4th ---, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021); *United States v. Ugbah*, No. 20-3073, --- F.4th ---, 2021 WL 3077134, at *1 (7th Cir. July 21, 2021). Because we conclude the district judge's reasoning is sufficient to affirm the denial of compassionate release, we need not consider whether the judge was correct to assume that Eveland demonstrated an extraordinary and compelling reason for early release.

and compelling reasons for release in motions brought by the Director of the Bureau of Prisons. This policy statement may guide, but not constrain, a district judge's consideration of whether extraordinary and compelling circumstances exist in prisoner-initiated motions—like Eveland's. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). But the judge did not consider himself constrained by § 1B1.13. He merely explained that the policy statement had not been updated to reflect that prisoners may move for compassionate release, and that the court could use it to "provide guidance" in its consideration of extraordinary and compelling reasons. In any event, the judge assumed that Eveland had demonstrated an extraordinary and compelling reason, so any error in the judge's consideration of the policy statement was harmless. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

Eveland next argues that the district judge improperly weighed the sentencing factors because he did not give proper credit to Eveland's post-conviction conduct and failed to consider the disparity between Eveland's sentence and those of his co-defendants. But the compassionate release statute directs judges to consider the § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). And the judge provided an adequate reason to justify denying Eveland's motion for early release: releasing Eveland after he had served only one quarter of his sentence would "not reflect the seriousness of his crime or promote deterrence or respect for the law." That is all the district judge needed to say. *United States v. Ugbah*, No. 20-3073, --- F.4th ---, 2021 WL 3077134, at *2 (7th Cir. July 21, 2021) (concluding § 3582(c)(1)(A) requires no more than "one good reason and no bad ones" when denying a motion for compassionate release). The judge was not required to consider each § 3553(a) factor, and Eveland has not argued that the judge's consideration of any factor was incorrect.

Eveland also argues that new variants of the virus have increased his risk from COVID-19 since the district judge ruled on his motion. But we review the judge's ruling based only on the information before him at the time of his decision. *United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020).

Finally, to the extent that Eveland would like us to review the recent denial of his motion under 28 U.S.C. § 2255, this appeal is not the correct vehicle to do so. Two months after the district judge denied the motion for compassionate release, he denied Eveland's § 2255 motion, which argued that trial counsel had been ineffective for failing to object before sentencing to the drug quantity calculation. *See Eveland v. United States*, No. 2:19-cv-00512-JRS-DLP (S.D. Ind. Jan. 21, 2021). But Eveland did not file a notice of appeal or seek a certificate of appealability in this court to challenge the denial of his

§ 2255 motion, and he cannot relitigate that claim in this appeal. *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1).

AFFIRMED