**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021[*]
Decided March 24, 2021

*Before*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2640

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-cr-30107 |
| JEFFREY PRICE, <br> *Defendant-Appellant*. | Sue E. Myerscough, <br> *Judge*. |

**O R D E R**

Jeffrey Price, a federal inmate at FCI Milan in Michigan, moved for compassionate release in light of the COVID-19 pandemic and his underlying health conditions. The district court denied relief. Because the district court did not abuse its discretion in finding that releasing Price would endanger the community, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Price was tried, convicted, and sentenced for producing child pornography in violation of 18 U.S.C. § 2251(a) and (e), and possessing child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) and (b)(2). At his sentencing in 2012, the district court considered evidence about his personal history, character, and crime of conviction. First, it was concerned about Price's likelihood to reoffend. It found credible allegations that Price had sexually abused his daughter and had also sexually abused his sister when they were children. It also concluded that Price lacked remorse: Price maintained that he did nothing wrong and that the photos he took were not pornographic (despite the jury finding to the contrary). And it heard testimony that the crime had serious consequences—these photos had been disbursed widely, appearing in 160 other child-pornography cases. But the court also voiced its view that the guidelines for child pornography cases recommend unduly long sentences and fail to distinguish between different types of offenders. Based on these considerations, it sentenced Price to 18 years' imprisonment followed by lifetime supervised release—less than half of the 40-year guidelines sentence. Both Price and the government appealed. Price challenged the denial of his pretrial motion to suppress and a jury instruction; the government argued that his below-guidelines sentence was unreasonable. We affirmed across the board. *United States v. Price*, 775 F.3d 828 (7th Cir. 2014).

In 2020, after exhausting his prison remedies, Price moved for compassionate release under the recently passed First Step Act, Pub. L. No. 115-91, § 404, 132 Stat. 5194, 5222 (2018); 18 USC § 3553(c)(1)(A)(1). Price, who is 56 years old, argued that his kidney disease, hypertension, history of smoking, and possible multiple sclerosis raised his risk for complications from COVID-19. (Based on the most recent data, FCI Milan has no active cases among inmates, though two staff members have it. In total, 261 inmates at FCI Milan have contracted the coronavirus, with 258 of those recovering and 3 dying from it. *See* "COVID-19 Cases," Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed March 23, 2021).) Price contended that any risk to the public posed by his release would be minimized by his supervision and sex-offender registration. He proposed that he could live with his wife in Springfield, Illinois. Then, responding to concerns that his wife's grandchildren (who frequently visit her) would be at risk, he offered to rent a room at a nearby hotel instead.

The district court denied relief. Based on Price's medical records and his testimony at the hearing, the district court found that his hypertension and kidney disease are well-managed, and the presence of multiple sclerosis was uncertain. Because his known conditions are controlled, the district court concluded that the risk of complications from COVID-19 was not severe. The court also addressed the

consequences of releasing him. It noted that Price still had four and one-half years left in prison (assuming full good-time credit)—about one-fourth of his 18-year sentence. And many reasons for Price's original sentence remained the same: his lack of remorse (he still maintained his innocence at the compassionate-release hearing), the danger that he might reoffend, and his failure to complete a treatment program for sex offenders. Finally, neither of Price's plans for his release was acceptable, since at his wife's house or at a hotel he would be in frequent contact with children.

On appeal, Price primarily argues that the district court underestimated the severity of his health conditions. We review a district court's denial of compassionate release for abuse of discretion. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Under 18 U.S.C. § 3582(c)(1)(A), a court may release a prisoner for compassionate ends only if, "after considering the factors set forth in section 3553(a)," (the "factors to be considered in imposing a sentence") it finds "extraordinary and compelling" reasons to do so. We defer to the district court's reasonable assessment of those factors. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020).

We conclude that the district court reasonably denied Price's motion. Price objects to the district court's finding that his known conditions (hypertension and kidney disease) are well-managed and thus minimize the risk of complications from COVID-19. But he does not point to any specific mistakes in the analysis, nor to any medical evidence submitted to the district court that conclusively establishes a heightened risk of complications from COVID-19. We see none either, so the district court reasonably ruled that Price's medical conditions did not warrant release.

Furthermore, because of the importance of the § 3553(a) factors in considering motions for compassionate release, courts are not compelled to release every prisoner with serious health concerns. *See Saunders*, 986 F.3d at 1078. Based on those factors, the court reasonably found that Price's refusal to admit to his past behavior, the significant length of his unserved sentence, and his refusal to undergo sex-offender treatment all increased the chance that he would reoffend, especially given his plan to live near children. Price complains that the district court should not have relitigated his crimes, but it was required to do so when it considered the § 3553(a) factors. These factors include "the nature … of the offense," § 3553(a)(1), the need for his sentence to "reflect the seriousness of the offense … and to provide just punishment for the offense," § 3553(a)(2)(A), and the goal of "protect[ing] the public from further crimes of the defendant," § 3553(a)(2)(C). Thus, the court did not err.

Price also asks us to consider new evidence that was not submitted to the district court. He points us to policy statements by then-Attorney General William Barr favoring home confinement for certain prisoners, a self-reported test regarding his likeliness to reoffend, and further evidence of his medical conditions. But we cannot consider new evidence on appeal that was not submitted to the district court. *Carmody v. Bd. of Trustees of Univ. of Ill.*, 893 F.3d 397, 402 (7th Cir. 2018), *see also* FED. R. APP. P. 10(a). Our role is to review the district court's decision, not to decide the case anew.

AFFIRMED