NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 28, 2021[*]
Decided April 28, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3464

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:14-cr-40074-SLD-2 |
| CURTIS DEMETRIUS LAND, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

After serving approximately six years of his eleven-year sentence for selling heroin that led to a user's death, Curtis Demetrius Land sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). In the district court, he contended that his preexisting health conditions make him susceptible to severe illness from COVID-19. Accepting that his risk was "extraordinary and compelling," the district court nonetheless denied Land's motion because the factors of 18 U.S.C. § 3553(a)—especially the seriousness of

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

his offense and his criminal history of drug dealing and use—weighed against his release. We conclude that the court did not abuse its discretion and affirm.

In May 2020, Land sought compassionate release from his federal prison term for distributing heroin that caused another's death. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(C). (A man died of an overdose using heroin that came from Land.) With assistance of appointed counsel, Land argued that he suffers from preexisting conditions—including obesity and chronic obstructive pulmonary disease—that the Centers for Disease Control and Prevention recognizes create an increased risk of death or serious illness should he contract COVID-19. Further, he maintained, his release would not pose a danger to the community: he had no prison infractions, he had completed residential drug treatment and other educational courses while in custody, and his age (57) and poor health made it unlikely that he would reoffend.

The government conceded that Land had established an extraordinary and compelling reason for his release, but it disputed that he would not endanger the community. The government argued that, given Land's criminal history, he could likely "relapse into a cycle of drug use and dealing to support his habit" and that reducing his sentence would undercut the seriousness of his offense and deny justice to his victim's family.

The district court denied Land's motion. It accepted that Land's risk of severe illness from COVID-19 was an extraordinary and compelling reason for release, but it determined that the § 3553(a) factors nonetheless counseled against his release. Among those factors favoring release, the court said, were Land's rehabilitation and educational efforts in prison, acts which the court called "somewhat mitigating." But the tragic nature of his offense, resulting in a death, and his undeterred pattern of using and selling heroin (despite six prior convictions) remained "concerning." On balance therefore, the court ruled, releasing Land early would undermine "the seriousness of the offense, the need to provide specific deterrence, the need to protect the public, the need to promote respect for the law, and the need to provide just punishment."

On appeal, Land argues that the district court should have granted his motion because he "meet[s] most if not all of the requirements" for release. But he essentially asks us to reweigh the § 3553(a) factors, emphasizing that the district court found "extraordinary and compelling" his risk of contracting a serious case of COVID-19 and arguing that he is less likely to reoffend because he has completed drug treatment.

The district court did not abuse its discretion in denying Land's motion. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). "Because of the importance of the § 3553(a) factors, courts are not compelled to release every prisoner with extraordinary and compelling health concerns." *Id.* Rather, a district court may grant compassionate release only if it finds that the § 3553(a) factors support the prisoner's release. *Id.* The court reasonably balanced those factors when it ruled that the nature of Land's offense (which led to the death of a user of heroin), his undeterred habit of using and selling heroin despite past imprisonment, and the large, unserved portion of his current prison term outweighed his recent rehabilitation and education efforts. Thus, in citing the need for Land's sentence to reflect the seriousness of the offense, promote respect for law, and provide just punishment and deterrence, the district court permissibly denied the motion. *See* 18 U.S.C. § 3553(a)(2)(A), (B). We will not replace the district court's reasonable assessment of these factors with our own. *See United States v. Gunn*, 980 F.3d 1178, 1181 (7th Cir. 2020).

AFFIRMED