**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50126 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00904-W-1 |
| v. | |
| WILLIAM WOOTEN, AKA Nutty Beeda Bickest, AKA Oso Gother Laced, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted December 8, 2021**
Pasadena, California

Before:  BEA and LEE, Circuit Judges, and BENNETT,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

William Wooten ("Wooten") appeals from a district court order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and now affirm.

Wooten requested compassionate release on two grounds: (1) his increased susceptibility to COVID-19; and (2) his mother's terminal stage-IV liver cancer. The district court rejected both contentions. On appeal, Wooten focuses solely on the second issue, and argues that the district court abused its discretion by applying U.S.S.G. § 1B1.13 to conclude that his mother's cancer diagnosis was not an "extraordinary and compelling" circumstance warranting compassionate release. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) ("We review § 3582(c)(1) sentence reduction decisions for abuse of discretion."). This contention is unpersuasive.

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) vested the Bureau of Prisons with sole discretion to file compassionate release motions in district court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence, provided such a reduction is "consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As relevant here, U.S.S.G. § 1B1.13 cmt. n.1(C) defines "extraordinary and compelling reasons" to include specific "family circumstances"—namely, the incapacitation of a defendant's spouse, registered domestic partner, or child's caregiver.

In *United States v. Aruda*, this Court held that the current version of U.S.S.G. § 1B1.13 "is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d 797, 802 (9th Cir. 2021) (en banc). As a result, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*; *accord United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020) (observing that U.S.S.G. § 1B1.13 "remains helpful guidance even when motions are filed by defendants"). Wooten contends that the district court violated *Aruda* by construing § 1B1.13 as a binding limitation on its discretion, rather than persuasive guidance.

The record does not support Wooten's contention. Although the court applied § 1B1.13 to conclude that Wooten's proffered family circumstances do not warrant compassionate release, the court cited *Aruda* for the proposition that "U.S.S.G. § 1B1.13 is not binding, . . . and 'district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Aruda*, 993 F.3d at 801. This language suggests that the district court viewed §

3

1B1.13 only as persuasive guidance for its exercise of discretion, as contemplated by this Court's decision in *Aruda*. 993 F.3d at 802. Consistent with this conclusion, the district court devoted a substantial portion of its opinion to determining whether Wooten's vulnerability to COVID-19 constitutes an "extraordinary and compelling" circumstance that justifies compassionate release.[1] As the Guidelines do not specify that defendants may seek compassionate release due to COVID-19 vulnerability, the court's consideration of this issue demonstrates that it did not view itself as bound by U.S.S.G. § 1B1.13. Accordingly, the district court did not abuse its discretion by denying Wooten's motion.

**AFFIRMED.**

---

[1] The court declined to grant compassionate release based on Wooten's susceptibility to COVID-19. Wooten has abandoned this contention on appeal. Accordingly, we will not consider the issue further.