NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022[*]
Decided May 9, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-3503

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 15-CR-40046-JPG-006 |
| | |
| JEROME MERRIWEATHER, | J. Phil Gilbert, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Jerome Merriweather, a federal prisoner, appeals the denial of his motion for compassionate release based on several health conditions and his heightened risk of severe complications from COVID-19. *See* U.S.C. § 3582(c)(1)(A)(i). Because the district court did not abuse its discretion in determining that the factors under 18 U.S.C. § 3553(a) weighed against reducing his sentence, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Merriweather, then 40 years old, moved for compassionate release about 62 months into his 228-month sentence for conspiracy to distribute heroin. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. He sought release based on medical conditions—complications from a gunshot wound, kidney disease, hypertension, and obesity—that he believed increased the risk that he would suffer severe complications if he contracted COVID-19. The district judge denied the motion. The judge explained that Merriweather's fragile health condition was likely an extraordinary and compelling reason for release, but that a sentence reduction was inconsistent with the § 3553(a) sentencing factors. The judge noted that Merriweather had a violent criminal history and had served only a quarter of his sentence for serious drug offenses committed while suffering from many of the same medical conditions.

On appeal, Merriweather first argues that the judge failed to account for the cumulative effects of his co-morbid medical conditions. But the judge in fact acknowledged that Merriweather's health conditions established an extraordinary and compelling reason for release. Courts, however, "are not compelled to release every prisoner with extraordinary and compelling health concerns." *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). And the judge here appropriately exercised his discretion in finding that the § 3553(a) sentencing factors weighed against release. He sufficiently supported his decision by pointing to Merriweather's criminal history (which included "some extremely violent conduct"), the seriousness of his crimes (conspiracy to distribute heroin), and the need to protect the community (considering that he committed some of his crimes while suffering from the same medical conditions that he has now). *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). To the extent Merriweather argues that the judge did not afford enough weight to his rehabilitative progress in prison, this argument does not persuade us that the judge abused his "broad discretion." *See Saunders*, 986 F.3d at 1078.

Merriweather also contends that the judge wrongly relied upon an inapplicable policy statement, U.S.S.G. § 1B1.13. But the judge correctly stated that § 1B1.13 "should guide [his] discretion without strictly confining it." *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

AFFIRMED